UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00097-LLK

APRIL JOYCE MAZE                                                                                           PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security                       DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 18-1 and DN 23. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 19].

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### Plaintiff's second argument is unpersuasive.

Plaintiff makes two arguments, which this Opinion will consider in reverse order.

Plaintiff's treating physician is K. Brandon Strenge, M.D., who is associated with Orthopedic Institute of Western Kentucky. [Administrative Record, DN 18 at 469]. In June 2018, Dr. Strenge completed the Physical Assessment form on Plaintiff's behalf. *Id.* at 468-69.

Plaintiff's second argument is that "the ALJ's RFC [residual functional capacity] determination is erroneous because she failed to properly consider Dr. Strenge's opinion in assessing Plaintiff's RFC." [DN 21-1 at 13].

On the Physical Assessment form, Dr. Strenge identified Plaintiff's medical diagnoses as: "low back pain, lumbar degenerative disc disease, lumbar radiculopathy, lumbar spondylolisthesis." *Id.* Dr.

1

Strenge assigned the maximum possible limitation in every functional area on the form. *Id.* Plaintiff can stand/walk 0 hours in an 8-hour workday; can sit 0 hours; can "never" lift/carry any weight; can use her hands, fingers, and arms 0% of the time during an 8-hour workday; must take unscheduled breaks to recline or lie down; is likely to be absent from work as a result of impairments and treatment more than four times a month; and experiences drowsiness as a side-effect of prescribed medications. *Id.*

The ALJ found Dr. Strenge's Assessment to be "not persuasive because it is not consistent with or supported by the evidence." *Id.* at 21. According to the ALJ, if Plaintiff "were as limited as reported by Dr. Strenge, she would essentially be bedridden."[1] *Id.* The ALJ found Dr. Strenge's findings to be unsupported, "extreme," and "inconsistent with his own treatment notes," which indicate no "deficits in sensation" or ongoing, abnormal gait. *Id.*

In what appears to be an effort to explain Dr. Strenge's extreme findings, Plaintiff argues that "Dr. Strenge did not opine as to Plaintiff's functioning in her home, but only as to her ability to perform activities in a workplace on a regular and continuing basis." [DN 21-1 at 17]. In other words, Dr. Strenge was not saying Plaintiff would be incapacitated at home but only in a job setting. This argument (even if persuasive) does not benefit Plaintiff because it suggests that Dr. Strenge based his findings, at least in part, on vocational and not strictly medical considerations. The "application of vocational factors … is reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2).

**Plaintiff's first argument is unpersuasive.**

Plaintiff's first argument is that "the ALJ's RFC determination is not supported by substantial evidence because she neglected to properly consider Plaintiff's subjective complaints of pain in accordance with the regulations." [DN 21-1 at 8].

---

[1] In this regard, Plaintiff found certain questions the ALJ asked her at the administrative hearing to be "scornful" toward her. [DN 21-1 at 16]. Specifically, the ALJ characterized Dr. Strenge's opinion as "basically render[ing] you unable to move" and then asked Plaintiff "Do you know anybody there [at Dr. Strenge's office]? Are you related to anybody?" [DN 18 at 45-46]. The Commissioner's position is that the ALJ's expression of incredulity did not rise to the level of bias, [DN 23 at 7], and this Opinion concurs that it did not rise to the level of reversible error.

In general, a two-step inquiry governs an ALJ's determination of a claimant's limitations due to pain, drowsiness, and other subjective symptoms.  First, the ALJ must determine whether an "underlying medically determinable physical or mental impairment(s) ... could reasonably be expected to produce an individual's symptoms, such as pain." Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *3.  Here, the ALJ acknowledged that Plaintiff's "medically determinable impairment could reasonably be expected to cause the alleged symptoms."  [DN 18 at 19].  Second, the ALJ must determine the "intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities."[2]  *Id.*  In this regard, the ALJ considers a non-exhaustive list of factors set forth in the Ruling and at 20 C.F.R. § 404.1529(c)(3).[3]  Here, the ALJ found Plaintiff's statements regarding the intensity and persistence of symptoms to be credible only to the extent of the ALJ's RFC finding.  [DN 18 at 19, 21].

"An ALJ's credibility assessment must be accorded great weight and deference."  *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017) (internal quotation eliminated).  Where the ALJ's evaluation of the medical opinions is supported by substantial evidence, "an [ALJ's] credibility findings are virtually unchallengeable absent compelling reasons."  *Id.*  As indicated above in connection with Plaintiff's second argument, the ALJ properly evaluated the medical opinions.  Plaintiff identifies no compelling reason to disturb the ALJ's credibility findings.

---

[2] This is what is referred to in the caselaw as the ALJ's "credibility" or "pain-credibility" determination.  The Ruling recommends that ALJs avoid use of the term "credibility" because it may suggest an "examination of an individual's character."  This Opinion continues to use the term "credibility" because the concepts are the same and the caselaw uses that term.

[3]  The factors are:
1. Daily activities;
2. The location, duration, frequency, and intensity of pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

Plaintiff objects to one sentence in a paragraph in which the ALJ lists some of her reasons for discounting Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms." [DN 18 at 21]. The ALJ noted: 1) Plaintiff ambulated without an antalgic or myelopathic gait; 2) There is no recent surgery recommendation; 3) Plaintiff denied side effects from pain medication; 4) Pain medication, steroid injections, and medial branch nerve blocks provided some improvement; 5) The RFC, which limits Plaintiff to no pushing/pulling with her bilateral lower extremities, accommodates some of the alleged radiculopathy pain; and 6) The RFC, which allows for alternate sitting/standing every hour, accommodates some of the alleged pain with prolonged sitting/standing. *Id.* Plaintiff objects to the ALJ's statement that: "While the MRI documents degenerative changes, the evidence fails to documents signs typically associated with chronic, severe musculoskeletal pain, such as muscle atrophy, neurological deficits (motor, sensory or reflex loss), or inflammatory signs (heat, redness, swelling, etc.)." [DN 21-1 at 10 quoting DN 18 at 21].

Plaintiff is correct that it is not a prerequisite to be believed regarding pain associated with prolonged sitting and standing to have muscle atrophy, neurological deficits, or inflammatory signs. In context, however, the ALJ imposed no such prerequisite. As noted above, the ALJ found the limitations given by Dr. Strenge to be "extreme." *Id.* Given such extreme limitations, the ALJ was merely suggesting one might expect equally extreme supporting clinical findings.

Contrary to Plaintiff's suggestion, [DN 21-1 at 9], the ALJ's credibility findings are not subject to reversal due to failure to discuss each Section 1529(c)(3) factor. *See* SSR 16-3p ("We will discuss the factors pertinent to the evidence of record."); *White v. Comm'r*, 572 F.3d 272, 287 (6th Cir. 2009) (declining to disturb the ALJ's decision for alleged inadequate discussion of Section 1529(c)(3) factors).

Contrary to Plaintiff's suggestion, [DN 21-1 at 10], this case is distinguishable from *Meece v. Comm'r*, 192 F. App'x 456 (6th Cir. 2006). In *Meece*, "[w]hile the ALJ discounted the extent of Plaintiff's headache pain due to the fact that Plaintiff's doctors failed to prescribe Fiorinal, Imitrex, or Zomig, the ALJ

4

may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence." *Id.* at 465.  Here, the ALJ did not discount Dr. Strenge's "extreme" findings based on medical disagreement (but lack of support and inconsistency).

### Order

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

March 31, 2021

Lanny King, Magistrate Judge
United States District Court